[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After reviewing the evidence in light of the statutory criteria, the Court enters the following judgment on the complaint.
1. A decree is entered dissolving the marriage of these parties or the ground of irretrievable breakdown, all of the allegations of the complaint having been proven.
2. The real estate known as 66 Fermier Road, Willington, Connecticut shall be quitclaimed from the defendant to the plaintiff. The real estate known as Lakeview Drive, Holland, Massachusetts shall be quitclaimed from the plaintiff to the defendant.
3. Contents of both homes shall be equitably divided. If the parties cannot agree they may return to court for orders concerning same.
4. The defendant is ordered to pay periodic alimony to the plaintiff in the sum of $100 weekly for a period of three years, non-modifiable to amount and duration.
5. Custody shall be joint with primary physical custody with the plaintiff subject to reasonable and liberal CT Page 6957 visitation.
6. Support shall be in accordance with the guide lines, which at this juncture because of the speculative nature of defendant's bonus, tax consequences and medical expenses, to be $105.00 per week, per child.
7. The defendant will maintain medical and dental insurance for the minor children as provided through his employer and will share the unreimbursed expenses equally.
8. Defendant will make available to the plaintiff COBRA benefits.
9. The defendant will transfer his Shannon Enterprises, Inc. stock and one half his ESOP plan by QDRO to the plaintiff.
10. The defendant will be entitled to claim both children as dependents for income tax purposes.
11. The defendant to get the Ford Mustang and Bronco. The plaintiff to get the Mitsubishi Galant and the Jaguar which should defray her legal expenses.
12. The defendant will maintain $50,000 of life insurance for each child during their minority.
13. The claim of fault against the defendant was not known until after service of the complaint.
14. The real problem was the inability of the parties to accommodate to an acceptable method of birth control.
BY THE COURT,
Hon. Philip R. Dunn Judge, Superior Court